*1048
 
 PER CURIAM.
 
 *
 

 Based on the facts of this case, we find defendant failed to establish plaintiff had constructive knowledge of the alleged medical malpractice more than one year prior to the filing of her August 16, 2002 complaint. In
 
 Campo v. Correa,
 
 01-2707 (La.6/21/02), 828 So.2d 502, 511, we explained “a plaintiffs mere apprehension that something may be wrong is insufficient to commence the running of prescription, unless the plaintiff knew or should have known through the exercise of reasonable diligence that his problem may have been caused by acts of malpractice.” Plaintiff in the instant case clearly had some apprehension something was wrong following her surgery, as she consulted two different doctors regarding her condition. However, both of these doctors assured plaintiff her condition would continue to improve, with one of the doctors indicating her symptoms might take two years to resolve. When plaintiffs symptoms failed to improve by August 2002 (two years after the August 3, 2000 surgery), plaintiff performed computer research, and learned for the first time her symptoms may have been caused by malpractice. Plaintiffs August 16, 2002 complaint was filed within one year of her discovery of this alleged malpractice.
 

 Accordingly, the writ is granted. The judgment of the court of appeal is reversed, and the judgment of the district court denying defendant’s exception of prescription is reinstated. The case is remanded to the district court for further proceedings.
 

 *
 

 Chiel Justice Kimball not participating in this opinion.